## The People of the State of Illinois, Defendant in Error, v. Louis Blankenburg, Plaintiff in Error.

1. INTOXICATING LIQUORS, § 152*—*what sufficient proof that city is anti-saloon territory.* A certificate of the city clerk showing that the question of making the city anti-saloon territory had been submitted to vote and had been carried would be sufficient proof of the fact in a prosecution for selling liquor if no board of election commissioners existed in such city.

2. INTOXICATING LIQUORS, § 5*—*meaning of word "clerk" in local option statute.* The word "clerk," as used in the local option statute, means "Board of Election Commissioners" when such a board exists. (Hurd's Rev. St. 1917, ch. 43, § 1, J. & A. ¶ 4637.)

3. INTOXICATING LIQUORS, § 140*—*when certificate of board of election commissioners and not certificate of city clerk is prima facie evidence that city is anti-saloon territory.* Since the word "clerk," as used in the local option statute, means "Board of Election Commissioners" when such a board exists (Hurd's Rev. St. 1917, ch. 43, § 1, J. & A. ¶ 4637), it follows that, as applied to a city which has such a board, Hurd's Rev. St. 1917, ch 43, § 7, J. & A. ¶ 4643 must be construed to require the board to record the result of an election under such statute and to make the certificate of such board instead of the certificate of the city clerk prima facie evidence that the city has become anti-saloon territory.

4. INTOXICATING LIQUORS, § 162*—*when judgment of conviction will be reversed for insufficiency of evidence that city was anti-saloon territory.* Where the certificate of the city clerk offered in evidence in a prosecution for selling liquor was incompetent to prove that the city was anti-saloon territory and such fact was not proved in any other way, the judgment of conviction will be reversed.

Error to the Circuit Court of Vermilion county; the Hon. AUGUSTUS A. PARTLOW, Judge, presiding. Heard in this court at the April term, 1919. Reversed and remanded. Opinion filed October 21, 1919.

J. M. BOYLE and LINDLEY, PENWELL & LINDLEY, for plaintiff in error; WALTER C. LINDLEY, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

JOHN H. LEWMAN, for defendant in error; BUELL H. SNYDER, of counsel.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

Plaintiff in error was convicted for the sale of intoxicating liquor in the City of Danville, while the same was anti-saloon territory. To prove the fact that Danville was anti-saloon territory, the State offered in evidence a certificate of the city clerk showing that the question had been submitted to vote there and that it had carried. That certificate would have been sufficient if no Board of Election Commissioners existed there. Such a board in fact does exist there. Where such a board exists, the word "clerk" used in the local option statute means "Board of Election Commissioners." Chapter 43, sec. 1, J. & A. Stat. ¶ 4637. It follows that chapter 43, sec. 7, J. & A. Stat. ¶ 4643, when applied to the City of Danville while it has election commissioners must be construed to require such board of commissioners to record the result of elections under the Local Option Act and to make the certificate of such board instead of the certificate of the city clerk prima facie evidence that the territory has become anti-saloon territory. (*People v. Coit, post,* p. 574.)

Because the certificate of the clerk offered in evidence in this case was incompetent to prove that Danville was anti-saloon territory, and that fact was not proven in any other way, the judgment of the Circuit Court is reversed and the cause is remanded to that court.

*Reversed and remanded.*